**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 112543

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jennifer Carall and Eva Ulloa, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> Mercantile Adjustment Bureau, LLC, <br><br> Defendant. | Docket No: <br><br> **CLASS ACTION COMPLAINT** <br><br> JURY TRIAL DEMANDED |

Jennifer Carall and Eva Ulloa, individually and on behalf of all others similarly situated (hereinafter referred to collectively as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against Mercantile Adjustment Bureau, LLC (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3.      Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

4.     At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5.     Plaintiff Jennifer Carall is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6.     Plaintiff Eva Ulloa is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

7.     Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

8.     On information and belief, Defendant Mercantile Adjustment Bureau, LLC, is a New York Limited Liability Company with a principal place of business in ERIE County, New York.

9.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11.     Defendant alleges each of the Plaintiffs owe a debt ("the Debts").

12.     The Debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

13.     Sometime after the incurrence of the Debts, Plaintiffs fell behind on payments owed.

14.     Thereafter, at an exact time known only to Defendant, the Debts were assigned or otherwise transferred to Defendant for collection.

15.     In its efforts to collect the debt alleged owed by Plaintiff Carall, Defendant contacted Plaintiff Carall by letter ("the Letter") dated July 27, 2016. ("**Exhibit 1**.")

16.     In its efforts to collect the debt alleged owed by Plaintiff Ulloa, Defendant contacted Plaintiff Ulloa by letter ("the Letter") dated June 10, 2016. ("**Exhibit 1**.")

17.     The Letter was the initial communication Plaintiff Carall received from Defendant.

18.     The Letter was the initial communication Plaintiff Ulloa received from Defendant.

2

19.     The Letters are identical in all material respects.

20.     The Letters are "communications" as defined by 15 U.S.C. § 1692a(2).

**FIRST COUNT**
**Violation of 15 U.S.C. §§ 1692g and 1692e**
**AS TO PLAINTIFF CARALL**

21.     Plaintiff Carall repeats and realleges the foregoing paragraphs as if fully restated herein.

22.     The Debt was incurred on a Kohl's Department Stores, Inc. credit card underwritten by Capital One, N.A.

23.     The Letter sets forth a "Current Balance."

24.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

25.     15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

26.     The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt clearly from the perspective of the least sophisticated consumer.

27.     The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt accurately from the perspective of the least sophisticated consumer.

28.     The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt without ambiguity from the perspective of the least sophisticated consumer.

29.     The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must state whether interest, late fees and/or other fees are accruing.

30.     The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the notice.

31.     The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

3

given moment in the future.

32.     The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must contain an explanation, understandable by the least sophisticated consumer, of any fees or interest that may cause the balance to increase at any time in the future.

33.     The failure to include the foregoing information renders an otherwise accurate statement of the "amount of the debt" violative of 15 U.S.C. § 1692g(a)(1).

34.     The Letter fails to indicate the minimum amount Plaintiff owed at the time of the Letter.

35.     The Letter fails to provide information that would allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the Letter.

36.     The Letter fails to provide information that would allow Plaintiff to determine what Plaintiff will need to pay to resolve the debt at any given moment in the future.

37.     The Letter fails to provide information that would allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

38.     The Letter fails to provide information that would allow the least sophisticated consumer to determine the amount of interest owed.

39.     For instance, the Letter fails to indicate the applicable interest rate.

40.     For instance, the Letter fails to indicate the date of accrual of interest.

41.     For instance, the Letter fails to indicate the amount of interest during any measurable period.

42.     The Letter fails to provide information that would allow the least sophisticated consumer to determine the amount of late fees owed.

43.     For instance, the Letter fails to indicate the amount of late fees.

44.     For instance, the Letter fails to indicate the date such fees will be added.

45.     For instance, the Letter fails to indicate the amount of late fees during any measurable period.

46.     The Letter fails to contain an explanation, understandable by the least sophisticated consumer, of any fees and interest that may cause the amount stated to increase.

47.     The Letter fails to state what part of the amount stated is attributable to principal.

48.     The Letter fails to state what part of the amount stated is attributable to interest.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

4

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

49.     The Letter fails to state what part of the amount stated is attributable to late fees.

50.     The Letter fails to state what part of the amount stated is attributable to other fees.

51.     The Letter, because of the aforementioned failures, and especially because of the use of the word "Current," would render the least sophisticated consumer unable to determine the minimum amount owed at the time of the Letter.

52.     The Letter, because of the aforementioned failures, and especially because of the use of the word "Current," would render the least sophisticated consumer unable to determine what she will need to pay to resolve the debt at any given moment in the future.

53.     The Letter, because of the aforementioned failures, and especially because of the use of the word "Current," would render the least sophisticated consumer unable to determine the amount of his or her debt.

54.     The Letter, because of the aforementioned failures, and especially because of the use of the word "Current," would render the least sophisticated consumer unable to determine the amount of her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

55.     The Letter, because of the aforementioned failures, did not convey "the amount of the debt" clearly from the perspective of the least sophisticated consumer.

56.     The Letter, because of the aforementioned failures, did not convey "the amount of the debt" accurately from the perspective of the least sophisticated consumer.

57.     The Letter, because of the aforementioned failures, did not convey "the amount of the debt" without ambiguity from the perspective of the least sophisticated consumer.

58.     The Letter, because of the aforementioned failures, renders the statement of the amount of the debt, even if otherwise accurate, violative of 15 U.S.C. § 1692g(a)(1).

59.     The Letter, because of the aforementioned failures, did not adequately set forth "the amount of the debt" as required by 15 U.S.C. § 1692g.

60.     The Letter, because of the aforementioned failures, violates 15 U.S.C. §§ 1692g and 1692e.

**SECOND COUNT**
**Violation of 15 U.S.C. §§ 1692g and 1692e**
**AS TO PLAINTIFF ULLOA**

61.     Plaintiff Ulloa repeats and realleges the foregoing paragraphs as if fully restated herein.

62.     The Debt was incurred on a Kohl's Department Stores, Inc. credit card underwritten by Capital One, N.A.

63.     The Letter sets forth a "Current Balance."

64.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

65.     15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

66.     The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt clearly from the perspective of the least sophisticated consumer.

67.     The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt accurately from the perspective of the least sophisticated consumer.

68.     The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt without ambiguity from the perspective of the least sophisticated consumer.

69.     The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must state whether interest, late fees and/or other fees are accruing.

70.     The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the notice.

71.     The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

72.     The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must contain an explanation, understandable by the least sophisticated consumer, of any fees or interest that may cause the balance to increase at any time in the future.

73.     The failure to include the foregoing information renders an otherwise accurate statement of the "amount of the debt" violative of 15 U.S.C. § 1692g(a)(1).

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

74.     The Letter fails to indicate the minimum amount Plaintiff owed at the time of the Letter.

75.     The Letter fails to provide information that would allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the Letter.

76.     The Letter fails to provide information that would allow Plaintiff to determine what Plaintiff will need to pay to resolve the debt at any given moment in the future.

77.     The Letter fails to provide information that would allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

78.     The Letter fails to provide information that would allow the least sophisticated consumer to determine the amount of interest owed.

79.     For instance, the Letter fails to indicate the applicable interest rate.

80.     For instance, the Letter fails to indicate the date of accrual of interest.

81.     For instance, the Letter fails to indicate the amount of interest during any measurable period.

82.     The Letter fails to provide information that would allow the least sophisticated consumer to determine the amount of late fees owed.

83.     For instance, the Letter fails to indicate the amount of late fees.

84.     For instance, the Letter fails to indicate the date such fees will be added.

85.     For instance, the Letter fails to indicate the amount of late fees during any measurable period.

86.     The Letter fails to contain an explanation, understandable by the least sophisticated consumer, of any fees and interest that may cause the amount stated to increase.

87.     The Letter fails to state what part of the amount stated is attributable to principal.

88.     The Letter fails to state what part of the amount stated is attributable to interest.

89.     The Letter fails to state what part of the amount stated is attributable to late fees.

90.     The Letter fails to state what part of the amount stated is attributable to other fees.

91.     The Letter, because of the aforementioned failures, and especially because of the use of the word "Current," would render the least sophisticated consumer unable to determine the minimum amount owed at the time of the Letter.

92.     The Letter, because of the aforementioned failures, and especially because of the

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

use of the word "Current," would render the least sophisticated consumer unable to determine what she will need to pay to resolve the debt at any given moment in the future.

93.     The Letter, because of the aforementioned failures, and especially because of the use of the word "Current," would render the least sophisticated consumer unable to determine the amount of his or her debt.

94.     The Letter, because of the aforementioned failures, and especially because of the use of the word "Current," would render the least sophisticated consumer unable to determine the amount of her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

95.     The Letter, because of the aforementioned failures, did not convey "the amount of the debt" clearly from the perspective of the least sophisticated consumer.

96.     The Letter, because of the aforementioned failures, did not convey "the amount of the debt" accurately from the perspective of the least sophisticated consumer.

97.     The Letter, because of the aforementioned failures, did not convey "the amount of the debt" without ambiguity from the perspective of the least sophisticated consumer.

98.     The Letter, because of the aforementioned failures, renders the statement of the amount of the debt, even if otherwise accurate, violative of 15 U.S.C. § 1692g(a)(1).

99.     The Letter, because of the aforementioned failures, did not adequately set forth "the amount of the debt" as required by 15 U.S.C. § 1692g.

The Letter, because of the aforementioned failures, violates 15 U.S.C. §§ 1692g and 1692e.

## CLASS ALLEGATIONS

100.     Plaintiffs bring this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt incurred on a Kohl's Department Stores, Inc. credit card underwritten by Capital One, N.A, where, as here, the terms and conditions of the credit card provide for continued interest and late fees, from one year before the date of this Complaint to the present.

101.     This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

102.     Defendant regularly engages in debt collection.

103.     The Class consists of more than 35 persons from whom Defendant attempted to

collect delinquent consumer debts incurred on a Kohl's Department Stores, Inc. credit card underwritten by Capital One, N.A, where, as here, the terms and conditions of the credit card provide for continued interest and late fees

104.   Plaintiffs' claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

105.   The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

106.   Plaintiffs will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiffs have retained counsel experienced in actions brought under consumer protection laws.

**JURY DEMAND**

107.   Plaintiffs hereby demand a trial of this action by jury.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

a.  Certify this action as a class action; and

b.  Appoint Plaintiffs as Class Representatives of the Class, and Plaintiffs' attorneys as Class Counsel; and

c.  Find that Defendant's actions violate the FDCPA; and

    d.  Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e.  Grant Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f.  Grant Plaintiffs' costs; together with

    g.  Such other relief that the Court determines is just and proper.

DATED: June 8, 2017

**BARSHAY SANDERS, PLLC**

By: ___*/s/ Craig B. Sanders*___
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiffs*
Our File No.: 112543

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

10